IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| JESSIE M. GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 08-00527-CG-C |
| ) | |
| WAL-MART SUPERCENTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jessie M. Gordon brought this lawsuit against defendant Wal-Mart Supercenter ("Wal-Mart") in state court for injuries she alleges she suffered when she slipped and fell in a Wal-Mart store.  Plaintiff asserts state-law claims of negligence and wantonness.  Wal-Mart removed this case to this court pursuant to 28 U.S.C. §§ 1332 and 1441 which grant this court removal jurisdiction when the parties have completely diverse state citizenships and the amount in controversy exceeds $75,000.  This matter is now before the court on Wal-Mart's motion for summary judgment (Doc. 20), plaintiff's response (Doc. 22), and Wal-Mart's reply (Doc. 23).  Because the court finds that there are material facts in dispute the motion is due to be denied.

**FACTS**

On August 2, 2006, plaintiff visited the Wal-Mart Supercenter Store #700 in Selma, Alabama, with her granddaughter, Samantha Gordon.  While her granddaughter walked toward the produce section, plaintiff proceeded to the cleaning-supplies aisle with a shopping cart to

pick up dish detergent. (J. Gordon Deposition, Doc. 20-3, Exhibit 1, pp. 53-54).  As she entered the cleaning-supplies aisle, plaintiff maintains she saw "two young men playing or joking or whatever they were doing" with a bottle at the opposite end of the aisle. (J. Gordon Depo. pp. 53, 71, 98).  Plaintiff believes these two men were Wal-Mart employees because they were wearing blue and white vests. (Id. at p. 56).

After observing the two men, plaintiff selected a detergent bottle and placed it in the shallow end of her shopping cart. (Id. at pp. 59 & 61).  She then pushed her shopping cart approximately ten steps toward the two men and slipped and fell in a liquid substance on the floor. (Id. at pp. 60-62).  Plaintiff described the liquid substance on the floor as "mint green" in color and "strong like ammonia" in smell. (Id. at pgs. 73, 101).  Plaintiff does not know the size of the spill, but she claims she was wet from her head to the hem on her dress. (Id. at pp. 73, 101.).  After she fell, plaintiff states the two young men had disappeared. (Id. at pp.71-72).

Plaintiff did not see anyone pour the liquid on the floor prior to her fall. (Id. at p. 98).  However, she alleges that a Wal-Mart manager picked up a bottle from the floor after she fell and that that bottle was the same one she saw in the possession of the two men. (Id. at pp. 70-71).  Plaintiff maintains that the contents of the bottle the manager held smelled the same as the substance on the floor. (Id. at p. 100).

## LEGAL ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."   The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that

party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

### B. Plaintiff's Negligence Claim

The evidence presented by plaintiff and Wal-Mart establishes that plaintiff was a business invitee upon Wal-Mart's premises at the time of the accident, and, as such, Wal-Mart owed her a duty to exercise reasonable care in maintaining reasonably safe premises for the use of its customers; or, if the premises were in a dangerous condition, Wal-Mart was obligated to give sufficient warning so that plaintiff might avoid danger by the use of ordinary care. See Cuevas v. W.E. Walker, Inc., 565 So.2d 176, 177 (Ala. 1990); Boudousquie v. Marriott

Management Services Corp., 669 So.2d 998, 1000 (Ala.Civ.App. 1995).[1]  In these type of cases,

> The storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. No presumption of negligence arises from the mere fact of injury to the customer. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees. Actual or constructive notice of the presence of the offending substance must be proven before the proprietor can be held responsible for the injury.

Cash v. Winn-Dixie of Montgomery, Inc., 418 So.2d 874, 876 (Ala. 1982); *see also* Dolgencorp, Inc. v. Hall, 890 2d 98, 101 (Ala. 2003); Fowler v. CEC Entertainment, 921 So.2d 428, 432-33 (Ala.Civ.App. 2005).

Although actual or constructive notice to a defendant is ordinarily required in a slip and fall case before a plaintiff can recover damages, the Alabama Supreme Court created an exception when a defendant or its employees created the hazard.  In other words, "'[w]hen the defendant or his employees have affirmatively created the dangerous condition, plaintiff need not introduce evidence that defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice.'" Dunklin v. Winn-Dixie of Montgomery, Inc., 595 So.2d 463, 465 (Ala. 1992)(quoting Joseph A. Page, The Law of Premises Liability, § 7.11 at 169 (2d Ed. 1988).

After thoroughly reviewing plaintiff's deposition transcript and the pleadings filed by the parties and viewing the arguments in a light most favorable to plaintiff, this court finds that there is sufficient evidence favoring plaintiff for a jury reasonably to return a verdict for her.

---

[1] This case was removed to this Court on the basis of diversity jurisdiction, thus the laws of the State of Alabama apply. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941)(holding that a federal court sitting in diversity must apply the choice of law rules of the forum state).

Although Wal-Mart disputes that these series of events occurred, that argument does not negate, but rather underscores, the fact that genuinely-disputed facts remain for trial.

In its brief in support of the Motion for Summary Judgment, Wal-Mart asserts that plaintiff's allegation that defendant's employees spilled the substance on the floor thus causing plaintiff to slip and fall "requires the impermissible stringing together of inferences." Specifically, Wal-Mart argues that there is no direct evidence leading to the ultimate conclusions that:

> (1) the Wal-Mart employees who were "playing, or joking or whatever" at the end of the aisle caused and/or knew of the spill;
>
> (2) the contents of the bottle held by the employees at the end of the aisle contained the same substance as the liquid that was on the floor in the middle of the aisle;
>
> (3) the employees poured or spilled the substance and then replaced the cap on the bottle; and
>
> (4) The strong smell "like ammonia" is limited only to the substance of the bottle she saw the employees holding in the cleaning supplies aisle...

Brief, Doc. 20-3, pg. 7.

Despite this argument, based on plaintiff's evidentiary submissions described above, the court finds that a jury could reasonably infer from this evidence that two Wal-Mart employees had spilled a liquid substance on the floor while they were playing around and that plaintiff slipped and fell on that substance. Alabama courts routinely deny summary judgment even though the source of the hazard could not be directly identified because those courts determined a jury could infer from the evidence that the defendant caused the hazard. See e.g. Billings v. K Mart Corp., 654 So.2d 530, 532-32 (Ala. 1995)(denied summary judgment because the plaintiff and another witness testified that the hazards were stacked up out of the way in the back room, the plaintiff

testified that he observed the employees of the defendant cleaning the back room, the store manager testified that only employees had access to the back room, and the plaintiff ultimately slipped a piece of that hazard on the ground); Dunklin, 595 So.2d at 465 (denied summary judgment because plaintiff slipped and fell in water in the produce section of defendant's store, the plaintiff testified that she had earlier seen employees setting out vegetables with water on them in that exact spot, and evidence was provided that the defendant's employees regularly washed said vegetables and put out near that area.); Edwards v. Kroger Co., 681 So.2d 223, 225-226 (Ala.Civ.App. 1996)(denied summary judgment because the plaintiff had seen three defendant's employees at two different times breaking down cardboard boxes and plaintiff later slipped on a piece of cardboard).

  Wal-Mart makes an alternative argument that "[e]ven if the Court finds that Plaintiff's evidence is sufficient to send the negligence issue to a jury, according to Plaintiff's own description, the substance was of a nature that was open and obvious, precluding liability on the part of Wal-Mart." Brief, Doc. 20-3, pg. 8.  In Alabama, "'as a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care.'" Bogue v. R & M Grocery, 553 So.2d 545, 547 (Ala. 1989)(citation omitted).  However, the Alabama Supreme Court has "held that a summary judgment is proper on the issue of whether a defect was open and obvious when the *undisputed* evidence shows that the plaintiff was aware of the danger, appreciated the danger, and acted more carefully because of the perceived danger." Harding v.

Pierce Hardy Real Estate, 628 So.2d 461, 463 (Ala. 1993)(emphasis in original).[2]

Viewing the facts in a light most favorable to plaintiff, this court cannot proclaim that the spilled liquid was such an open and obvious hazard that plaintiff's claim should not go forward. It would appear that plaintiff entered the cleaning supplies aisle without noticing the spill or any other "hidden" danger in the aisle. Furthermore, even after she had observed the two men playing around and after she had placed a laundry detergent bottle into her own basket, defendant presents no evidence that she was aware of the liquid on the ground prior to falling.

Under these facts, the court sees no reason why a reasonable jury could not find that defendant was negligent nor that the hazard was open and obvious. Thus, questions of material fact preclude the grant of summary judgment of plaintiff's negligence claim.

### C. Plaintiff's Claims for Wantonness and Punitive Damages

In her complaint, plaintiff also raises a claim of wantonness against defendant. By statute, wantonness is defined as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala.Code § 6-11-20(b)(3)(1975). "[W]hile ordinary negligence involves inadvertence, wantonness requires a showing of a conscious or an intentional act." Hicks v. Dunn, 819 So.2d 22, 24 (Ala. 2001). "However, 'the actor's knowledge may be proved by showing circumstances from which the fact of knowledge is a reasonable inference; it need not be proved by direct evidence.'" Hicks v. Dunn, 819 So. 2d 22, 24 (Ala. 2001)(quoting Scott v. Villegas, 723 So. 2d 642, 643 (Ala. 1998)(citation omitted)).

Plaintiff presented evidence from which a juror could reasonably infer that the two

---

[2] Furthermore, "once it has been determined that the duty owed to an invitee has been breached," a determination of "whether the plaintiff should have been aware of the defect [is] normally [a] question[] for the jury." Bogue, 553 So.2d at 547.

alleged Wal-Mart employees had a reckless disregard for the safety of others. Plaintiff testified that the two employees were playing with a bottle of fluid, and a reasonable jury could conclude that those men knew or should have known that, if spilled, the liquid would create a danger for patrons. As a result, summary judgment is denied.[3]

**CONCLUSION**

After due consideration of all matters presented and for the reasons set forth herein, the court finds that defendant's motion for summary judgment as to all of plaintiff's claims is **DENIED**.

**DONE** and **ORDERED** this 28th day of August, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Wal-Mart may be held liable for the torts of its employees if a jury determines that these employees were acting within the line and scope of their employment. National States Ins. Co. v. Jones, 393 So.2d 1361, 1367 (Ala. 1980)(citation omitted). Pursuant to Alabama Code § 6-11-27(a), it is likely that Wal-Mart is not liable for punitive damages for the actions of its employees. However, Wal-Mart did not mention this code provision or make an argument based on it in the motion for summary judgment, thus summary judgement as to plaintiff's claim for punitive damages is not appropriate at this time.