IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| JESSIE M. GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | CIVIL ACTION NO. 08-00527-CG |
| ) | |
| WAL-MART SUPERCENTER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the court on five motions in limine filed by defendant Wal-Mart Supercenter ("Wal-Mart"), the plaintiff's consolidated response (Doc. 49), and Wal-Mart's replies to the response (Docs. 50-52). The following motions in limine have been filed: motion regarding medical records and medical expense damages (Doc. 44); motion regarding subrogation (Doc. 45); motion regarding medical testimony (Doc. 46); motion excluding expert witnesses (Doc. 47); and motion excluding wealth and poverty evidence (Doc. 48).

## FACTS

The action arises from an incident that occurred on August 2, 2006, at a Wal-Mart retail store in Selma, Alabama. Plaintiff Jessie M. Gordon was shopping for cleaning supplies when she allegedly slipped and fell on a liquid substance which she asserts was spilled on the floor by two Wal-Mart employees. The plaintiff brought this lawsuit against Wal-Mart in state court for state-law claims of negligence and wantonness, and the case was thereafter removed to this court.

On November 20, 2008, this court entered a Rule 16(b) scheduling order requiring the parties to exchange initial disclosures as required under Federal Rule of Civil Procedure 26(a)(1) no later than December 5, 2008. (Doc. 11). On December 5, 2008, the plaintiff served her initial

disclosures on defendant Wal-Mart (Doc. 13), which provided the following relevant information:

> I. Rule 26(a)(1)(b)
> ...
> Doctor - Dr. Wiley Newton, Selma Medical Associates, P.C.... (Medical Information)
> Hospital - Vaughn Regional Hospital Emergency Room... (Medical Information)
> Rehabilitation Center - Rehab Associates...
>
> II. Rule 26(a)(1)(B)
> Medical records of Jessie Gordon have been provided to Defendant during settlement efforts but will be provided again if necessary.
>
> III. Rule 26(a)(1)(c)
> Medical records and bills which have been provided to Defendant in efforts to settle case but will be provided again.
>
> IV. Rule 26(a)(1)(d)
> Not applicable to plaintiff.

(Doc. 44, Ex. 1)

A few months later, on March 13, 2009, Wal-Mart served the plaintiff with a set of interrogatories and requests for production of documents. (Doc. 15). The interrogatories ask the plaintiff to answer the following questions:

> 12. Please state whether you intend to call any expert witnesses in this case...
>
> 14. If you have received any treatment or medical advice or have been examined with respect to the injuries alleged suffered as a result of the events alleged in your Complaint, please state the name, address of each and every hospital, doctor or health care provider's office at or by which you were treated or examined...
>
> 16. If you have seen, been examined by, or received any treatment or medical advice from any health care provider in the last fifteen (15) years, state the name and address of each such provider who you saw, who examined you, or who provided any treatment or medical advice and/or the facility where it occurred...
>
> 19. If, at the time of the incident referred to in the Complaint, there was in existence or you were in any way covered by hospitalization or medical insurance, please state the name of the insurance carrier, the amount paid by said insurance related to the incident in the Complaint, and whether said insurance carrier has asserted any liens or

subrogated rights to any part of your claim against these defendants.

      20.  Referring to the prayer for relief in your Complaint in which Plaintiff "demands judgment against the Defendants for both compensatory and punitive damages in an amount to be determined by a jury," please state the following:

      (a) How and in what respects you have been damaged;
      (b) The period of time during which such damages allegedly were suffered;
      (c) An itemization of the damages claimed;
      (d) The method by which your answer to (c) was computed, in detail; and
      (e) An itemization of any other damages you may claim.

      21.  Please provide an itemization of each expense necessarily incurred by you for doctors' and medical bills as a result of the subject incident which you have paid or are obligated to pay and which you intend on requesting as damages at trial. (NOTE: This request is not seeking reference of medical bills or medical records, but instead is requesting Plaintiff's understanding as to each medical expense relating to her claim in this case for which she is responsible to pay.)

      22.  Please provide an itemization of each expense necessarily incurred by you other than for doctors' and medical bills as a result of the subject incident which you have paid or are obligated to pay and which you intend on requesting as damages at trial...

(Doc. 44, Ex. 3)

In response to the above questions, the plaintiff responded as follows:

      12.  The plaintiff has not made a decision regarding this yet. However, plaintiff will release such information in accordance with the court's scheduling order...

      14.  Vaughn Regional Medical Center, Rehab and Associates, Dr. Wiley Newton at Family Medical Associates...

      16.  UAB, Brookwood Hospital in Birmingham, Baptist South in Montgomery, Dr. Okeye in Selma....

      19.  Medicaid and Medicare

      20.  Refer to Plaintiff's complaint and the answers set forth herein.

      21.  Rehab and Associates, Family Medical Associates.

      22.  None.

(Doc 44, Ex. 4).

Moreover, Wal-Mart asked the plaintiff to "[p]roduce true, complete, and correct copies of all medical bills and/or records..." (Doc. 44. Ex. 3). The plaintiff responded that she had "produced" these documents. (Doc. 44, Ex. 4).

On September 2, 2009, Magistrate Judge William E. Cassady entered an order setting a settlement conference on September 29, 2009. (Doc. 28). In this order, Judge Cassady ordered the plaintiff to "submit a written itemization of damages... to defendants' counsel..." by September 10, 2009. (Id., p. 2). Wal-Mart admits that it received a settlement demand from the plaintiff by a September 16, 2009, correspondence, but asserts that the plaintiff failed to provide an itemized list of damages. (Doc. 44, p. 2). At the settlement conference, Wal-Mart alleges that the parties "agreed that [p]laintiff's medical damages were approximately $8,000." (Doc. 44, p. 3).

Shortly thereafter, on October 6, 2009, the plaintiff asserted in a joint pretrial document that "she is entitled to an award of medical bills in the amount of $15,000." (Doc. 32, p. 9). In that same document, the plaintiff named two of her treating physicians, Dr. Wiley Newton of Family Medical & Associates and Dr. John Parks, and her physical therapist, Eric Jackson of Rehab and Associates as trial witnesses. (Id., p. 7).

At the pretrial conference on September 29, 2009, the court ordered plaintiff to provide the defendant with an itemized list of damages no later than October 14, 2009. That oral order was memorialized in writing in the October 13, 2009 pre-trial order that provided that reiterated that "[a]n itemized list of damages is to be provided by **October 14, 2009**." (Doc. 37, p. 2)(emphasis in original). Wal-Mart states that on October 15, 2009, it received a document titled "ITEMIZED LIST OF DAMAGES" that provided the following:

1. Medical Bills in the amount of $20,000.

4

    2. Pain and suffering in the amount of $100,000.

    3. Punitive Damages in the amount of $200,000.

    (Doc. 44, Ex. 2).

Also on October 15, 2009, Wal-Mart received a letter from the plaintiff's attorney that enclosed the following exhibits:

    1.    Medical records and bills for West Central Alabama Orthopedics with Certification of Custodian of Records (Dr. John Parks, M.D).

    2.    Medical records and bills of Wylie E. Newton, M.D. with certifications of the Custodian Records.

    3.    Medical records and bills of Vaughn Regional Medical Center with Certification of the Custodian of Records.

(Doc. 44, Ex. 5)

## CONCLUSIONS OF LAW

### A. Motion to Exclude Expert Witnesses

Wal-Mart asks this court "to issue a ruling in limine excluding and/or limiting the admission at trial of any and all expert opinions, including any expert medical opinions..." (Doc. 48). Federal Rule of Civil Procedure 26(a)(2)(A) states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705", rules of evidence which govern expert testimony. This disclosure must be made "at the times and in the sequence that the court orders." If there is no court order, then these disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial." Fed.R.Civ.P. 25(a)(2)(C)(I).

On October 6, 2009, the plaintiff named two of her treating physicians, Dr. Wiley Newton of Family Medical & Associates and Dr. John Parks, and her physical therapist, Eric Jackson of Rehab and Associates as trial witnesses. (Doc. 32, p. 7). The substance of these

5

witnesses were not mentioned in the proposed joint pretrial document, but in filing this motion, Wal-Mart assumes that the plaintiff "expects to proffer these witnesses to testify regarding her injuries, medical treatment and expenses." (Doc. 77, p. 2).

Since the plaintiff has not designated these witnesses as experts and has not provided Wal-Mart with any information required by the Federal Rules of Civil Procedure to accompany the designation of expert witnesses, these witnesses may not testify as experts. However, these three witnesses may still testify "as a lay witness regarding [their] observations and decisions during treatment of" the plaintiff. As lay witnesses, these three witnesses may not express "an opinion unrelated to treatment which is 'based on scientific, technical, or other specialized knowledge,'" since such testimony will be considered by this court to be expert testimony. Wilson v. Taser Int'l, Inc., 303 Fed.Appx. 708, 712 (11th Cir. 2008)(emphasis in original). For example, none of these witnesses shall give his or her opinion regarding the cause of the plaintiff's injuries since it is "not needed to explain [their] decision making process" nor does "it pertain to [the plaintiff]'s treatment." Id.(citing Davoll v. Webb, 194 F.3d 1116, 1138 (10th Cir. 1999)("A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party.")). Therefore, the motion in limine regarding expert testimony is **GRANTED** in this respect.

### B. Motions Regarding Medical Expenses, Medical Bills, Subrogation, and Medical Records

Wal-Mart asks this court to "issue a ruling in limine excluding and/or limiting the admission at trial of all evidence and testimony related to 1) Plaintiff's medical expenses; and 2) Plaintiff's medical records and bills..." (Doc. 44, p. 1). Additionally, Wal-Mart asks this court to "issue a ruling in limine excluding and/or limiting the admission at trial of all evidence and testimony related to the Plaintiff's obligation to repay a subrogation interest for medical benefits

paid to her or on her behalf..." (Doc. 45, p. 1).

### 1. Medical Expense Damages, Medical Bills, and Subrogation

Given that the plaintiff has brought exclusively state-law causes of action and this court's jurisdiction is grounded solely in diversity of citizenship, this motion will be evaluated by reference to Alabama's law of damages. See e.g., Hessen v. Jaguar Cars, Inc., 915 F.2d 641, 645 (11th Cir. 1990)(explaining that in diversity cases, the determination of damages constitutes a substantive issue for Erie purposes and is therefore governed by state law); Complete Concepts, Ltd. v. General Handbag Corp., 880 F.2d 382, 389 (11th Cir. 1989)(similar).  In an action for personal injuries, Alabama law is clear that the plaintiff may recover reasonable and necessary medical expenses incurred as a result of the injury sustained. See Montgomery St. Ry. v. Mason, 133 Ala. 508, 32 So.261, 267 (Ala. 1902)(holding that hospital fees for the expense of a nurse and a ward in the hospital are proper elements of damage in a personal injury action); Ala. G.S.R. Co. v. Siniard, 123 Ala. 557, 26 So. 689, 691 (Ala. 1899)(holding that the plaintiff was "entitled to recover the amount of fees she reasonably paid to physicians in treating the wounds sustained by her by reason of the alleged negligence of the defendant.").  Alabama law is also clear that part of these medical expenses is any obligation to reimburse an insurer for its payment of benefits to her or to her medical providers on her behalf.  See Ala. Code § 12-21-45(a); see Ala. Code § 22-6-6(states that the State of Alabama is granted a statutory right of subrogation for recovery of Medicaid benefits paid to or on behalf of a recipient who is injured as a result of another's conduct, a right which includes seeking reimbursement from any proceeds paid to the Medicaid recipient by an offending party to compensate her for her damages).

Wal-Mart asserts that the plaintiff should be barred from presenting any evidence of

medical expense damages because plaintiff failed to provide Wal-Mart with a clear computation and itemization of such damages as required under Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  (Doc. 44, p. 1).  Under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), the plaintiff was required to provide upon initial disclosure the following:

> A computation of each category of damages claimed by the disclosing party-who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based...

In her initial disclosures, the plaintiff did not provide a computation of each category of damages nor did she even provide an amount for the medical expense damages she is now claiming.  (Doc. 44, Ex. 1).  The plaintiff clearly violated her initial disclosure obligations under Rule 26(a)(1)(A)(iii).

Federal Rule of Civil Procedure 37(c) describes the typical remedy for such nondisclosure:

> If a party fails to provide information... as required by Rule 26(a)... the party is not allowed to use that information... to supply evidence... at a trial, unless the failure was substantially justified or harmless.
>
> Fed.R.Civ.P. 37(c)(1)

In determining whether the failure to disclose was justified or harmless, the Eleventh Circuit has directed this court to "consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted."  Lips v. City of Hollywood, slip op., 2009 WL 3048895, at *11 (11th Cir. Sept. 25, 2009)(citing Romero v. Drummond Co., 552 F.3d 1303, 1321 (11th Cir. 2008)).  "'The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.'"  Mitchell v. Ford Motor Co., 318 Fed.Appx. 821, 824 (11th Cir. Mar. 9, 2009)(quoting Leathers v. Pfizer, Inc., 233 F.R.D. 687, 697 (N.D.Ga. 2006)).

The plaintiff asserts in her response that Wal-Mart received an itemization of damages on October 15, 2009, which was just one day after the deadline established by the pre-trial order entered on October 13, 2009.  The plaintiff maintains that this short delay was reasonable and produced no unfair prejudice to Wal-Mart.  (See Doc. 49).  In addition to providing initial disclosures, a party must further supplement those initial disclosures "in a timely manner."  Fed. R.Civ.P. 26(e)(1)(A).  The plaintiff's excuse is not a valid justification for her continuous failure to render an appropriate computation to supplement their lack of initial disclosure.  First, and most importantly, the plaintiff failed to provide a proper computation of her medical expense damages despite several orders from the court requiring her to do so.  Second, the plaintiff neglected to provide adequate computations even though this information was requested in interrogatories by Wal-Mart.[1]  Third, when the plaintiff finally provided the "Itemized List of Damages" document to Wal-Mart on October 15, 2009, the plaintiff again did not provide a detailed computation of her alleged medical expense damages.  (See Doc. 44, Ex. 2).

Additionally, knowledge of a detailed computation of the plaintiff's medical expense damages is important to Wal-Mart's preparation of its case.  Under Alabama law, even though medical bills are included within recoverable medical expense damages, there must be evidence that the particular bill was reasonable.  Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (Ala. 1968); Aplin v. Dean, 231 Ala. 320, 164 So. 737, 740 (Ala. 1935).  Without the proper itemization and computation of the medical expense damages, Wal-Mart has not had an opportunity to consult any medical experts to determine whether the plaintiff's medical expenses

---

[1] When asked in the interrogatories to provide a detailed itemization and computation of the damages the plaintiff was seeking, the plaintiff merely responded "[r]efer to Plaintiff's complaint and the answers set forth herein", and when asked to provide an itemization of all their medical expenses, the plaintiff responded "Rehab and Associates, Family Medical Associates."

are reasonable.  Moreover, having this opportunity is particularly essential in the present case because the plaintiff has made four different representations to the defendant and this court as to the amount of the medical expense damages she is seeking.  Wal-Mart asserts that, at the settlement conference, plaintiff's counsel agreed that the plaintiff's medical expense damages were approximately $8,000.  Soon thereafter, the plaintiff asserted in the Joint Pretrial Document that she had medical expenses of $15,000.  (See Doc. 32).  At the pre-trial conference, the plaintiff then maintained that the amount was closer to $10,000.  However, in the document sent to Wal-Mart entitled "Itemized List of Damages", the plaintiff asserts that her medical expenses were $20,000.  (See Doc. 41, Exh. 1). Allowing the plaintiff to now admit that evidence would not be harmless.  Wal-Mart is clearly prejudiced in its defense of the case given the moving target of claimed damages presented by the plaintiff without any specific documentation.  In order to eliminate the prejudice to Wal-Mart would likely require the court to create a new briefing schedule and re-open discovery.  Such modifications are not appropriate at this advanced stage of litigation.  See CQ, Inc. v. TXU Mining Co., 565 F.3d 268, 280 (5th Cir. 2009)(finding the lack of computations is not harmless if the case is in the advanced stage of litigation); Hoffman v. Constr. Protective Serv., Inc., 541 F.3d 1175, 1179-80 (9th Cir. 2008)("Later disclosure of damages would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date.  Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless."); NutraSweet Co. v. X-L Eng'g Co., 227 F.3d 776, 785-86 (7th Cir. 2000)(finding harm based on scheduling issues).

In light of the foregoing, the plaintiff is not permitted to present any evidence at trial of damages relating to medical expenses.  Since the medical bills and evidence regarding

subrogation are only relevant in showing medical expense damages, that evidence will also not be allowed. As a result, Wal-Mart's motions in limine regarding medical expenses, medical bills (Doc. 44) and subrogation (Doc. 45) are **GRANTED**.

### 2. Medical Records

Wal-Mart asks this court to disallow the admission of plaintiff's medical records because (1) the plaintiff "has failed and/or refused to provide Wal-Mart with any evidence beyond the assertions of her Complaint, despite Defendant's explicit request for this information in discovery and this court's orders calling for production of the same at various stages prior to trial"; and (2) the plaintiff's medical records can not be authenticated under Federal Rule of Evidence 901(a) and 902 because "they were not provided sufficiently in advance of their offer into evidence to provide Wal-Mart with a fair opportunity to challenge them." (Doc. 44, pp. 6-7 & 9).

Wal-Mart asserts that the plaintiff failed to provide the medical records to Wal-Mart as required by Federal Rule of Civil Procedure 26(a)(1)(A)(ii); that the plaintiff failed to supply the medical records even though Wal-Mart requested the production of those documents as part of its discovery requests; and that the plaintiff failed to supply the medical records by the October 14, 2009, deadline established by this court's pre-trial order. (Id., pp. 6-7). Despite Wal-Mart's assertions, the plaintiff's initial disclosures state that the medical records had already been provided for settlement negotiations and would be provided again (Doc. 44, Ex. 1); the plaintiff responded to Wal-Mart's discovery requests by stating that she had "produced" these documents (Doc. 44, Ex. 4); and the plaintiff produced some medical records on October 15, 2009, one day past the deadline. (See Doc. 44, Ex. 5). Neither party presents any evidence for the court to determine which version of production or non-production is correct.

11

Since there is a factual dispute over whether Wal-Mart, in fact, received the medical records in question, it would be premature at this point to prevent the admission of relevant medical records. As a result, Wal-Mart's motion in limine regarding plaintiff's medical records is **DENIED**.

### C. Motion Regarding Medical Testimony

Wal-Mart asks this court to "issue a ruling in limine excluding and/or limiting the admission at trial of all evidence and testimony related to 1) Plaintiff's medical treatment, records, and bills not causally related to the subject incident; 2) evidence and testimony of permanent injury, disability, and future medical treatment as a result of this incident; and 3) any expert medical opinion offered by Plaintiff..." (Doc. 46, p.1).

### 1. Medical Treatment Records and Bills

Since Gordon "has indicated that she intends to offer medical records and bills from her various healthcare provides as trial exhibits," Wal-Mart asserts that these records and documents have a lack of proper foundation for admissibility since "no physician has testified that the treatment reflected in the records and bills was reasonable, incurred necessarily, or causally related to the incident in question within a reasonable degree of medical certainty." Furthermore, Wal-Mart maintains that "without the proper predicate [the medical bills and records] are not relevant and constitute inadmissable hearsay." (Id., p. 1-2). This court does not find Wal-Mart's arguments persuasive.

First, since Dr. Newton, Dr. Parks, and Mr. Jackson are allowed to testify as to the treatment of the plaintiff as discussed above, the medical records appear capable of being authenticated at trial. Federal Rule of Evidence 901(a) provides that "the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence

sufficient to support a finding that the matter in question is what its proponent claims." The Eleventh Circuit has stated that "Rule 901 requires only the presentation of sufficient evidence to make out a prima facie case that the proffered evidence is what it purports to be." United States v. Harris, slip op., 2009 WL 2251392, at *3 (11th Cir. July 29, 2009)(citation omitted). Preventing the admission of these medical records based on authentication would be premature at this point.

Second, the plaintiff's medical records are relevant and admissible as an exception to the hearsay rule under Federal Rule of Evidence 803(6) and 803(4). However, since this court has established above that the treating physicians are not allowed to testify as experts, any statements in the medical records unrelated to the treatment of plaintiff, including any statements as to the causation of plaintiff's injuries, is not admissible under Rule 803(4). See Cook v. Hoppin, 783 F.2d 684, 690 (7th Cir. 1986)("By its own terms, Rule 803(4) does not exclude from the hearsay rule statements relating to fault which are not relevant to diagnosis.").

### 2. Permanent Injury, Disability, and/or Future Medical Treatment

Wal-Mart asserts that the plaintiff "may seek to introduce or infer that she is permanently injured or disabled as a result of the incident, or that future medical treatment and expenses may be necessary." (Doc. 46, p.2). First, this court has already held that the plaintiff's treating physicians may not speak to the causation of the plaintiff's injuries and now finds that this holding includes any assertions that she is permanently injured or disabled as a result of the incident. Second, the plaintiff has not asserted in any of her filings that she is seeking future medical expenses; therefore, for the same arguments asserted supra regarding plaintiff's medical expenses, this court holds that the plaintiff may not introduce any evidence as to any future medical expenses. Third, any future medical treatment testimony would be "based on scientific,

13

technical, or other specialized knowledge," thus it would require expert testimony.  Since this court has determined above that Dr. Newton, Dr. Parks, and Mr. Jackson may not testify as experts, this court holds that these three witnesses shall not testify as to any future medical treatment that, in their opinion, may be required.

### 3. Expert Medical Opinions Proffered by the Plaintiff

Wal-Mart also argues that the plaintiff is "prohibited from offering by her own personal testimony regarding any expert medical opinion about her alleged injuries" under Federal Rule of Evidence 701.  (Doc. 46, p.3).  Rule 701 states that

> if the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions and inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge...

It is axiomatic that plaintiff is not qualified as an expert of medicine, thus this court agrees with Wal-Mart that the plaintiff may only provide her opinion that is based on her own perceptions, helpful to the determination of a fact in issue, and is not based upon hearsay, speculation or conjecture.

In light of the forgoing, the plaintiff's motion in limine regarding medical testimony is **GRANTED** as to (1) any evidence presented for the purpose to establishing permanent injury or disability and/or future medical treatment and (2) any expert medical testimony by plaintiff.  However, this motion is **DENIED** as to the plaintiff's medical records.

### D. Motion to Exclude Wealth and Poverty Evidence

Wal-Mart asks this court to "exclude from evidence and prevent Plaintiff and her counsel from commenting upon, referring to, introducing evidence of, eliciting testimony regarding or otherwise attempting to inform the jury of the wealth and/or poverty of either party."  (Doc. 48,

p.1).  Federal Rule of Evidence 403 states that even though evidence may be relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury..."  In looking at the proposed facts of the present case, this court finds that there is no probative value in allowing evidence as to either party's wealth or poverty and concludes that there is great prejudice if such evidence is allowed into evidence.  See Holt v. State Farm Mut. Auto. Ins. Co., 507 So.2d 388, 391 (Ala. 1986)("a reference by counsel for either party to the wealth or economic condition of either party is improper and prejudicial."). As a result, Wal-Mart's motion in limine to exclude wealth and poverty evidence is **GRANTED.**

## CONCLUSION

For the foregoing reasons, the following is **ORDERED**:

1. Wal-Mart's motion in limine regarding the expert witnesses (Doc. 47) is **GRANTED** in that Dr. Wiley Newton, Dr. John Parks, and Eric Jackson shall not give expert testimony; however, all three witnesses may testify as lay witnesses to the treatment of the plaintiff.

2. Wal-Mart's motions in limine regarding medical expenses (Doc. 44) and regarding subrogation (Doc. 45) are **GRANTED** and Wal-Mart's motion in limine regarding the medical records is **DENIED**,

3. In light of the forgoing, the plaintiff's motion in limine regarding medical testimony (Doc. 46) is **GRANTED** as to (1) any evidence presented for the purpose to establishing permanent injury or disability and/or future medical treatment and (2) any expert medical testimony by plaintiff.  However, this motion is **DENIED** as to the plaintiff's medical records, to the extent they are relevant to any issue other than medical expenses and causation.   Any information regarding the causation of the plaintiff's medical condition or cost o contained in the

medical records which are admitted into evidence shall be redacted.

4. Wal-Mart's motion in limine to exclude wealth and poverty evidence is **GRANTED**.

**DONE and ORDERED** this 12th day of November, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE